THOMAS G. KELTY *et al., Appellants*, V. H. L. BURGESS *et al., Appellees.*

No. 16,961.

SYLLABUS BY THE COURT.

1. WILLS —*"Principal" Beneficiary — Interpretation of Statute.* Section 9787 of the General Statutes of 1909, requiring certain affirmative proof to establish the validity of a will written or prepared by a person occupying a confidential relation to the testator and who is the sole or principal beneficiary in the will, applies to the single case of a will written or prepared by a person in a confidential relation to the testator who receives the whole or the most considerable portion of the estate devised. The statute can not be interpreted as if it read "the sole or one of the principal beneficiaries in the will."

2. —————— *Relative Importance of Beneficiaries' Shares.* In determining whether or not a person is the principal beneficiary in a will the relative importance of his share to the individual shares of other beneficiaries and to the whole estate should be considered.

3. —————— *Chief Devisee—"Principal Beneficiary."* In this case it is held that a person who received more than five-sevenths of the estate devised is the principal beneficiary of a will, and that a person occupying a confidential relation to the testator who assisted in preparing the will and who received less than one-seventh of the estate devised is not such beneficiary.

Appeal from Johnson district court. Opinion filed May 6, 1911. Affirmed.

*Joseph P. Fontron,* and *Edmond C. Fletcher,* for the appellants.

*I. O. Pickering,* and *H. L. Burgess,* for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was brought to set aside the will of George W. Parker, deceased. The grounds were, want of execution by the testator, want of proper attestation, want of testamentary capacity, and fraud and undue influence practiced by two of the beneficiaries. At the trial the advice

of a jury was taken upon the questions of fact involved. Afterward the court set aside some of the findings of the jury, adopted the others, and made findings of its own contrary to those of the jury which were set aside. The result was that all the issues were found against the contestants and judgment was rendered upholding the will.

The greater part of the brief for the plaintiffs is devoted to an argument that the testimony shows the facts to be different from what the court found them to be. Every finding of the court is sustained by an abundance of competent evidence. That ends the controversy in this court over what the evidence proves. It is claimed, however, that one of the important findings was induced by a misconception of the law; or, stated in another way, that the finding is contrary to law. This contention arises upon the following facts:

The will was written on January 20, 1905, in the office of H. L. Burgess, the testator's attorney, confidential adviser and time-tried friend. The testator's esteem for and confidence in Mr. Burgess is shown in a letter written by the testator in 1893, from which the following extract is taken:

"I am sorry indeed to learn the sad news in regard to the death of Mrs. Burgess. I have known her so long that I regarded her as one of my own family. In fact Mr. Burgess and his family seem as near to me as any relatives I have. Our acquaintance and friendship extends back over so many years and has always been of such a pleasant nature that I have come to look on them as more than mere friends. Mr. B. has transacted business for me for more than 16 years and has never made any charge nor would he accept anything for his services. Such men let me tell you are hard to find. He has handled many Thousands of Dollars for my dear wife & myself & has always accounted for the last cent, where would I find another that would do likewise."

The same relations continued to exist between the two men until the testator's death. The will was written on a typewriter by Mr. Burgess's daughter, who was his clerk and typist. The testator had made a will in 1899, which he desired to change. During the preparation of the will in controversy Mr. Burgess held the old will and read it one paragraph at a time. As each paragraph was read the testator either directed that it be written as it stood or made whatever changes he desired. The entire will was correctly written as he directed. None of its provisions was dictated or suggested to him by Mr. Burgess or by any one else named in the will. When any of the provisions needed to be expressed in legal form Mr. Burgess supplied the proper phraseology. There is no evidence that Mr. Burgess assisted in preparing the will further than in the particulars which have been recited. The will disposed of real estate worth $4500 and personal property worth $10,-000, besides a quantity of mining stock to which no value could be assigned by any witness. Twenty-one persons, including four of Mr. Burgess's children, were given $100 each. Two hundred dollars were set aside for a monument and for the care of a cemetery lot. The thirteenth clause of the will reads as follows:

"In consideration of the fact that H. L. Burgess, of Olathe, Kan., has attended to all my legal business and to all the legal business of my deceased wife for the last twenty-seven years and has never received any compensation for his services, during the lifetime of either myself or my wife, I hereby give, devise and bequeath unto the said H. L. Burgess, the sum of two thousand dollars; which sum is to be in full for all services rendered for my wife and for myself or to be rendered during my lifetime."

The residue of the estate having a proved value, amounting to $10,200, was given to Ellen E. Hallett, the testator's niece, with whom he made his home. She had no knowledge of the will until after it had been

executed. The court found that she is the principal beneficiary in the will.

The appellants say that Mr. Burgess was the principal beneficiary in the will under a proper interpretation of section 9787 of the General Statutes of 1909 (Laws 1907, ch. 430, § 1), which reads as follows.

"And provided further, that in all actions to contest a will, if it shall appear that such will was written or prepared by the sole or principal beneficiary in such will, who, at the time of writing or preparing the same, was the confidential agent or legal adviser of the testator, or who occupied at the time any other position of confidence or trust to such testator, such will shall not be held to be valid unless it shall be affirmatively shown that the testator had read or knew the contents of such will, and had independent advice with reference thereto."

It requires no argument to demonstrate that Mrs. Hallett is the principal beneficiary of this will. "Principal" means main, chief, leading, highest in value, character or importance, most considerable or important, as any dictionary will show. She was given more than five-sevenths of the estate, so that every term of the definition used as the equivalent of "principal" applies to her or to the share which she receives. The plaintiff would have the statute read "the sole or one of the principal beneficiaries." The legislature did not so frame it. It applies to the single case of a will written or prepared by a person in a confidential relation to the testator, who is given the whole or the most considerable part of the estate devised. In all other instances the validity of the will is to be determined by the ordinary rules relating to fraud and undue influence.

In determining whether or not a person is the principal beneficiary in a will the relative importance of his share to the individual shares of other beneficiaries and to the whole estate should be considered. If two or more persons should receive the bulk of an estate in fairly equal proportions no one of them would be the

principal beneficiary. If a single person should receive a share slightly larger than any other but which constituted only a small part of the entire estate, he could not be regarded as the principal beneficiary. Probably more specific directions than these can not be given; certainly nothing more definite is required by the facts of this case.

Since the confidential adviser in this case was not the principal beneficiary of the will it is not necessary to decide what constitutes writing or preparing a will, what constitutes independent advice or when or by whom such advice should be given, within the meaning of the statute.

The findings of fact and conclusions of law meet the approval of this court and the judgment of the district court is affirmed.