Randall v. Bird.

---

No. 25,872.

MELVIN BOOKER RANDALL, *Appellee*, v. NETTIE BIRD and I. F. BRADLEY, as Executor, etc., *Appellants*.

#### SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Conflicting Evidence—Findings Conclusive*. The rule again followed that findings of fact, when sustained by evidence, are conclusive on appeal, although there was evidence on which a contrary finding could have been made.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed April 11, 1925. Affirmed.

*I. F. Bradley,* and *I. F. Bradley, Jr.,* both of Kansas City, for the appellants.
*L. W. Johnson,* of Kansas City, for the appellee.

The opinion of the court was deliverd by

MARSHALL, J.: The plaintiff commenced this action to set aside the will of Alice Fink on the ground that she was not of sound and

disposing mind and memory and on the ground that she was under the influence of Nettie Bird, the principal beneficiary under the will, and of I. F. Bradley, the person who drew the will. Judgment was rendered in favor of the plaintiff on the ground that Alice Fink was not of sound mind and memory at the time the will was made. The defendants appeal.

The assignment of errors, stated in several forms, may be reduced to one proposition—that there was not evidence sufficient to sustain the findings of fact made by the court, nor evidence sufficient to sustain the judgment of the court. No other question is argued. A number of witnesses testified that Alice Fink was insane at the time she made the will. Some testified that she was incapable of making a will at that time. Others testified that she was sane at that time. The court found that—

"Thirteenth: On the 20th day of February, 1923, at the time of the execution of said will, the said testatrix was not of sound mind and memory, and could not read and write; she did not sign said will, but her name was signed to the will by another party; that she did not have full knowledge of the acts she engaged in or the property she possessed, or an intelligent understanding of the disposition she desired to make of her property or to whom she desired to receive it, and did not comprehend the claim of those entitled to her bounty or excluded from it."

The court made the following conclusions of law:

"The court concludes, as a matter of law, that the instrument claiming to be the last will and testament of Alice Fink, as testatrix therein, was and is void, together with the probate thereof, and should be set aside, and that the same be and hereby is set aside."

Situations like this, where the findings and judgment depend wholly upon the evidence introduced on a trial, are often presented in this court. It has been uniformly held that such findings and judgment are final and conclusive where there is evidence sufficient to sustain them. It is unnecessary to cite authorities, because each volume of the reports of the supreme court of this state contains declarations to that effect. In this case there was evidence sufficient to sustain the thirteenth finding and the conclusions of law made by the court.

The judgment is affirmed.