No. 29,289.

MARGARET CLARK et al., *Appellants*, v. ELDON WATKINS, as
Executor, etc., et al., *Appellees.*

(287 Pac. 244.)

Opinion filed
May 3, 1930.

*A. C. Malloy, Roy C. Davis, Warren H. White* and *H. E. Ramsey,* all of
Hutchinson, for the appellants.

*A. L. Oswald* and *John Fontron,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal brings up for review the capacity
of a Masonic lodge to take real and personal property bequeathed
and devised to it by will.

The question is raised by a demurrer to the petition of plaintiffs
in which it was alleged that Warren Henry Crippen, who died in
1927, had executed a will leaving all of his property to Cable lodge,
No. 299, of the Ancient Free and Accepted Masons, located at
Arlington, Kan., a charitable, benevolent and fraternal association,
and that the will had been duly admitted to probate. It was alleged
that plaintiffs and others named are the heirs of Crippen; that
the lodge under the law is not authorized to receive and hold the
property bequeathed and devised to it and therefore the will was
void. It was further alleged that the property descended under the
law to the heirs of Crippen. There is an allegation, too, that the
property in question is not necessary to provide suitable accom-
modations for the holding of lodge meetings. The property con-
sisted of real estate of the value of $3,000, on which there was a
mortgage lien of $400, making the net value $2,600. There was
personal property which, according to the appraisement made, was

of the value of $1,374.64, making the entire value of the estate $3,974. 64. Defendants filed a demurrer to the petition on the ground that it failed to set forth facts sufficient to constitute a cause of action, which the court sustained, and plaintiffs have appealed. The ruling must be sustained.

The contention of the plaintiffs is that the Masonic lodge was incapable of taking the property left it by the will. The whole argument of plaintiffs is based on the holding in *Kennett v. Kidd,* 87 Kan. 652, 125 Pac. 36, and an opinion on rehearing, 89 Kan. 4, 130 Pac. 691. In that case it was held that under a statutory provision (R. S. 17-1703) a camp of Modern Woodmen, a fraternal insurance company whose legal source of income was limited to dues, premiums and assessments, could not take and hold property given to it by will. The ruling was based on the fact that the camp was a fraternal benefit insurance order whose powers and duties are limited by statute, and who could only act within the provisions prescribed by the legislature. In the opinion it was said of the camp:

"There is no trust for charitable uses, there is no charity. There is simply a gift outright to the local camp of a fraternal order of a large amount of property, real and personal, to be used, not as the law provides but as the camp may see fit. While corporations usually are not prohibited from accepting devises and bequests, and while one of sound mind may give his property to whatsoever persons he desires, it appears to be the legislative policy of the state that fraternal beneficiary societies are to be governed by rules and restrictions applying specifically to them; and indeed this may well be, because such societies are not corporations of the ordinary kind or in the usual acceptation of the term. They are associations of men who voluntarily combine for mutual benefit, but who can do so only under the terms and provisions prescribed by the legislature." (*Kennett v. Kidd,* 87 Kan. 652, 659, 125 Pac. 36.)

The court carefully distinguished fraternal insurance companies from charitable organizations like a Masonic lodge, which the petition states is a charitable and benevolent organization, and proceeded to say:

"But the case is not one of an ordinary corporation, which all agree may take by will unless expressly precluded; it is the case of a local fraternal beneficiary body, which the legislature has confined within a narrow zone of activity, dealing out its powers with a sparing hand. . . . The decision is not to be carried beyond its terms and does not interfere with the privileges accorded the societies and associations, including Masons and Odd Fellows, mentioned in section 1830 of the General Statutes of 1909. [R. S. 17-1701.]" (*Kennett v. Kidd,* 89 Kan. 4, 6, 7, 130 Pac. 691, on rehearing.)

The case is not an authority that the Masonic lodge is incapable of receiving the gift made by the testator. The plaintiff not only pleads that it is a charitable organization but the Masonic organization is a recognized institution of charity and benevolence. No reason is seen why it may not become a beneficiary under a will and apply testamentary and other gifts to charitable. uses. It has been said:

"It is the settled rule that courts will look with favor upon all attempted charitable donations, and will endeavor to carry them into effect, if it can be done consistently with the rules of law." (*Lehnherr v. Feldman,* 110 Kan. 115, 117, 202 Pac. 624.)

In a note in 5 A. L. R. 1175, where many cases are cited, it is said:

"Although the authorities are not in entire harmony, it may be stated as a general rule that a gift to a fraternal order will be upheld as a valid charitable gift."

In 1 Schouler on Wills, 6th ed. 45, in speaking of associations like the one in question, it was said:

"It has been recently held that such associations can be put into bankruptcy, and also there are various recent decisions in line with modern thought to the effect that they may be the recipients of testamentary favors."

See, also, *Cruse et al. v. Axtell et al.,* 50 Ind. 49; *Helpers of the Holy Souls v. Law,* 267 Mo. 667; *Schneider v. Kloepple,* 270 Mo. 389.

The discussion in the present case has taken a wide range, but we confine our decision to the question whether the petition stated a cause of action, and it appearing that the beneficiary named in the will is a charitable association and capable of receiving the gift for a charitable use the court ruled correctly in sustaining a demurrer to plaintiffs' petition.

The judgment is affirmed.