No. 35,564

In re Estate of Ernest B. Schikowsky, Deceased (JOHANNA SCHIKOWSKY, *Appellant,* v. THE AMERICAN LEGION, DEPARTMENT OF KANSAS, *Appellee*).

(130 P. 2d 598)

Opinion filed November 7, 1942.

*Tom Stratton,* of Osage City, argued the cause, and *Charles G. Dockhorn,* of Goodland, and *W. F. Robinson, Jr.,* of Denver, Colo., were on the briefs for the appellant.

*E. E. Lamb,* of Yates Center, argued the cause, and *Elmer E. Euwer* and *Eugene P. Zuspann,* both of Goodland, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a petition to probate a will. The will was admitted to probate. Certain parties that objected to the probate of the will have appealed.

The petition to probate the will filed in the probate court alleged the residence of the person who was offering it for probate; that the First National Bank of Goodland had been named in decedent's will as executor; that the will had been duly executed, was genuine, and at the time of the execution the testator was of full age, of sound mind and not under any restraint; that he died on the 6th day of October, 1940, a resident of Sherman county and a citizen of the United States. The petition then stated that his mother and a brother and a sister survived him and that the American Legion, Department of Kansas, was his only legatee and devisee, and that the probable value of the estate was approximately $25,000 real estate and personal property; that the appointment of an executor was necessary and it was prayed that the First National Bank of Goodland, Kan., be named executor thereof.

The will provided that after all debts and funeral expenses should be paid the rest of testator's property should go to the American Legion, Department of Kansas, which was to use the property for the use of disabled World War veterans with fifty percent or more disability, whether they were confined to private or government hospitals or resided in their own home or private homes. The will stated that it was the wish of the testator that the executor not sell the property but that the sale be left to the American Legion and that the funds be disbursed within ten years from the date of the decease.

Johanna Schikowsky, the mother and sole heir of testator, alleged that the petition was defective because it did not set forth the interest of the petitioner; that the will was not executed according to law; that the instrument was never acknowledged by Schikowsky to be his last will; that the witnesses to it were interested and could not serve and that he did not know the contents when he signed it; that he lacked the mental capacity to make a will; that he did not know what property he had or who were the natural objects of his bounty; that at the time he made the will he did not have the

mental capacity to make it because he was suffering from insane delusions; that at the time he made the will he was under the influence of the scrivener of the will who was an officer of the American Legion, the chief beneficiary; that the testator was under the direction of the scrivener to such an extent as to destroy the freedom of the will of Schikowsky; that the will had been revoked; and—

"That the principal beneficiary named in said alleged will, to wit, The American Legion, Department of Kansas, does not have power and authority to accept a devise or bequest such as contained in the alleged will of said decedent, and the institution named as executor does not have the power to act as such and said alleged will is void and without effect.

"That said alleged will is too indefinite, uncertain and ambiguous as to constitute a will and is therefore void."

The probate court heard evidence and found that the allegations of the petition had been proved; that the decedent died testate, a resident of Sherman county, Kansas; that the instrument offered for probate was duly executed according to law; that the decedent at the time of the execution was of sound mind and under no restraint and that the will was genuine.

The court found that the First National Bank was not permitted under the law to serve as executor and that a special administrator should be named, and ordered the will admitted to probate. The objectors appealed to the district court. In the district court evidence was heard on the issues as they had been made in probate court.

The trial court made extensive findings of fact. It is not necessary to detail them here, but it is sufficient to state that the court found that testator died in Sherman county, October 6, 1940; that the will was duly prepared and signed and witnessed according to law; that at the time he signed the will testator was of sound mind and capable of transacting his business; that he was never under any undue influence; that at the time of the execution of the will the scrivener was not an officer of the American Legion; that at the time of its execution testator understood the contents of the will; that the American Legion, Department of Kansas, was a Kansas corporation; that the instrument introduced was the last will and testament of Schikowsky; that at the time of the making of the will he did not lack testamentary capacity.

The court concluded as a matter of law that the will was in proper testamentary form, had been properly executed; that at the time of

its execution testator was of sound and disposing mind, acted without restraint, and that the will should be admitted to probate; that the American Legion was sufficiently described and was legally capable of acting as trustee; that the trust created by the will was not void for indefiniteness; was a valid charitable trust; that the American Legion was capable legally of becoming the beneficiary under the will and administering the trust therein imposed.

The motion of the objectors for a new trial was overruled and judgment was given pursuant to the above findings and conclusions.

Hence this appeal.

The appellant contends that the will did not create a valid charitable trust; that the instrument was not the will of the deceased; that the instrument was not a valid will and that the lower court erred in not allowing the attorneys for appellant an attorney's fee.

In the argument of the appellant that the will was not the will of deceased and not a valid will and that he lacked testamentary capacity, she contends that we should examine the record and reach a different conclusion as to the facts than was reached by the probate court and the trial court. It would add but little to this opinion to set out the details of the evidence here. The testator was a bachelor; he had served in the World War and belonged to the American Legion. There was some testimony about his having had differences of opinion with his mother over business matters. There was also evidence that sometime before he made the will he suffered epileptic seizures and that he had had a sunstroke. There was evidence on the other hand to the effect that he knew how much property he had; had managed his property and had a definite idea of what he wanted to do with it. Under such circumstances it is plain that the rule announced so many times to the effect that this court will not weigh conflicting evidence on appeal and that where there was substantial evidence to sustain the findings of fact the findings will not be disturbed, is in point. (See *Randall v. Bird,* 118 Kan. 341, 235 Pac. 103; also, *Bradley v. Hill,* 141 Kan. 602, 42 P. 2d 580.)

The principal point urged by the appellant is that this will was void because it attempted to create an invalid trust. This depends on the argument that the American Legion did not have the capacity to act as a trustee and the trust itself was so indefinite as to be unenforceable. The clause of the will under consideration is as follows:

"I hereby give, devise and bequeath unto The American Legion, Department of Kansas, all of the residue of my property, both real, personal and

mixed, of which I shall die, seized and possessed, or to which I shall be entitled to receive at the time of my decease, wherever situate, and The American Legion, Department of Kansas, is to use the property herein willed for the use of Kansas disabled World War veterans with 50 percent or more disability, whether said World War veterans are confined to private or government hospitals or who reside in their own homes or private homes, and it is my wish that the real property be not sold by my executor, but the sale be left to The American Legion and said estate funds be disbursed as herein directed on or before ten years from the date of my decease."

We shall first deal with the question of whether or not the American Legion, Department of Kansas, is capable of administering this charitable trust. This question received the attention of this court in *Barnhart v. Bowers,* 143 Kan. 866, 57 P. 2d 60. In that case an unincorporated church society had been named as trustee of a charitable trust for the benefit of the church. This court held that a charitable trust was created, and while the unincorporated society could not act as trustee, it was proper for the court to name the same church when it subsequently became incorporated.

By analogy the American Legion, Department of Kansas, would have all the qualifications fitting it to act as trustee that this church society would have.

In *Treadwell v. Beebe,* 107 Kan. 31, 190 Pac. 768, this court held that a municipal corporation had the capacity to administer a charitable trust.

See, also, 10 A. L. R. 1359, and annotations following.

We have examined the charter of the American Legion and are familiar with the general program of the society. No doubt the testator had the advantage of this same information, since he was a member of the society. It is doubtful if there is an organization anywhere better fitted to administer a trust of this sort than is the American Legion.

Appellant next argues that this will did not create a trust for charitable use.

In *Hollenbeck v. Lyon,* 142 Kan. 352, 47 P. 2d 63, the use was for the benefit of needy poor in and around Abilene. The court upheld that as a charitable trust.

In *Barnhart v. Bowers,* supra, the will provided that the income derived therefrom be used for the benefit of the church. This court upheld that as a charitable trust.

In *Bradley v. Hill,* 141 Kan. 602, 42 P. 2d 580, the will provided that the Bethany Methodist Hospital was to receive certain real

estate, use it or dispose of it as should be for the best interests of the hospital in the care and treatment of crippled children. This court upheld that gift.

See, also, *Clark v. Watkins*, 130 Kan. 549, 287 Pac. 244.

Appellant next argues that the will is invalid because the trust it creates is so indefinite that the court could not enforce it, and she points out how indefinite is the phrase "Kansas disabled war veterans with 50 percent or more disability." She questions whether the phrase means men who have always lived in Kansas or who lived in Kansas when the will was written. The cases that have been stated heretofore are in point on this question. Wills with similar clauses have been construed so as to confer on the named trustee the right and duty to exercise discretion as to what use shall be made of the proceeds of the trust compatible with the wishes of the testator.

Appellant next argues that the court erred in not allowing counsel for the appellant in the district court and this court an attorney's fee. A large discretion rests upon courts as to circumstances under which an attorney's fee may be allowed. It appears that for the successful carrying out of this trust it may have been for the benefit of all concerned that the question of the validity of the trust be settled. That was a result of this litigation.

We have concluded, therefore, that counsel for the appellant here should be allowed the sum of $600 for attorney's fees and expenses both in the district court and this court.

The judgment of the trial court with reference to the allowance of an attorney fee is reversed, and on all other questions is affirmed.