No. 36,943

In the Matter of the Estate of LAURA E. PORTER, Deceased .(W. F. HARKRADER, Executor, *Appellee,* v. ELSIE SHERWOOD JOHNSON, *Appellant*).

(187 P. 2d 520)

Opinion filed December 6, 1947.

*A.·L. Moffat,* of Kinsley, argued the cause, and *William B.·Hess,* of Pratt, was with him on the briefs for the appellant.

*B. V. Hampton,* of Pratt, argued the cause, and *R. F. Crick,* of Pratt, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is a case wherein the probate court, and later on appeal the district court, of Pratt county admitted a will to probate in its entirety. The appeal challenges the action of the district court in holding that paragraph 8 of the will created a valid and definite trust which was entitled to probate as a part of such instrument.

The facts are not in dispute and those essential to a proper understanding of the issues can be briefly stated.

Laura E. Porter, a resident of Pratt county, died testate on the 21st day of December, 1945. Thereafter, her will was presented for, and in due time admitted to, probate by the probate court without contest. Elsie Sherwood Johnson, a niece and devisee, then appealed to the district court from the order probating the will. There she filed an answer wherein she objected to the probate of paragraph 8 of such instrument, charging that its provisions were wholly insufficient to create a legal public charitable trust and claiming that on that account and for sundry other reasons the devise contemplated by its terms was void. The trial court rejected all claims of invalidity as made and admitted the will to probate *in toto.* This appeal followed.

Paragraph 8, which is the only portion of the will in controversy, reads:

"All the rest and residue of my estate, whether real, personal or mixed, I give, devise and bequeath, except such as is specifically disposed of by this will or any codicil, unto W. F. Harkrader, B. V. Hampton and J. R. Campbell, of Pratt, Kansas, as joint trustees, to be held in trust for the purposes hereinafter stated.

"The title, possession and control of all the resit (sic) and residue of my estate shall be vested in my said trustees and said trustees shall have power, if they deem it advisable, and are hereby authorized to sell, assign, mortgage and convey the said properties, either together or in parcels, at private sale or public auction, upon such terms and conditions as they, the trustees, shall think fit; to collect all accounts and debts to my estate and to issue and deliver valid receipts therefor; to execute and deliver agricultural or gas, oil and mineral leases on any or all lands belonging to my trust estate; to sell and convey any real estate or any interest therein including short term royalties and to execute, issue and deliver all necessary and proper deeds, assur-

ances and instruments as may be necessary ·and required · to accomplish the above stated purposes. Said property heretofore stated are to be held in trust for the creation of a fund to be known as 'The Laura E. Porter Educational Fund.' This fund is to be used to aid deserving men students graduating from the Pratt Junior College, either by gifts or loans, to complete their education at some University which is approved by my trustees. This fund, or any part thereof, may be invested and the income used as gift scholarships; or·bother (sic) principal and interest may form a loan or gift fund; the fund to be used for the stated purpose in either way, under the prevailing conditions, which may be deemed by the trustees of the Educational Fund to be most beneficial and wise. If the Pratt Junior College should cease to exist, this aid shall be given to young men graduating from the Pratt High School. The foregoing provisions-shall be construed as expressing only my wishes and desires in the matter and not as a condition or limitation which might affect the validity of the bequest.

"It is my further desire that the trustees W. F. Harkrader, B. V. Hampton, and J. R. Campbell, not be required to give bond for the faithful execution of this trust and that their acts in administering the trust shall not be accountable to any person or corporation or to any Court and I do hereby confirm any distribution that said trustees make under and by virtue of this trust agreement.

"My said trustees are expected to handle this estate as in their judgment will be to the best interest and advantage of this trust and the beneficiaries selected. Should any of my said trustees die or become otherwise disabled or disqualified to acet (sic) in this capacity, before this trust shall be completed, then the surviving trustees shall immediately select a suitable successor-in-trust to replace the one so deceased or disqualified, and my successor-in-trust so selected shall have the same power and authority as my said original trustees."

It is conceded by all parties that the principal issues raised by the appeal involve the validity of the trust attempted to be created by the provisions of the paragraph heretofore quoted. In fact appellant states the only questions involved are: 1. Whether the testatrix in such paragraph created a mandatory or nonmandatory public charitable trust and 2, whether because of certain provisions thereof the devise was void. From an examination of appellant's brief it is apparent she places more reliance upon the first question than she does on the second. For that reason we shall treat contentions advanced in support of her second question before making disposition of the principal issue.

The first ground relied on for reversal of the trial court's judgment, to which we shall give attention, is that B. V. Hampton, conceded under the evidence to have prepared the will and to have been the legal adviser of the testatrix on the date of its execution, was its principal beneficiary and that therefore paragraph 8 was

void by virtue of the provisions of G. S. 1945 Supp. 59-605. Conceding that unless it affirmatively appears a testator had read or knew the contents of his will and had independent advice with reference thereto, the section of the statute just mentioned vitiates such will when it appears that its principal beneficiary prepared the instrument at a time when he was the testator's legal adviser, or for that matter occupied any other position of confidence or trust to such testator, it does not follow that appellant's contention is entitled to much weight in view of the facts disclosed by the record. In our own interpretation of G. S. 1909, section 9787, which we note contained provisions similar to that to be found in the present statute, we held such section to be applicable only when a beneficiary of the character to which we have referred is given the whole or the most considerable portion of the estate devised (*Kelty v. Burgess*, 84 Kan. 678, 115 Pac. 583). In construing the same section the United States Circuit Court of Appeals, 8th Circuit, in a decision which has our approval as a proper and correct construction of our own statute, decided it had no application to a trustee under a will who has no personal pecuniary interest in an estate created by its terms other than compensation for services rendered in his fiduciary capacity. See *Bauer v. Myers,* 244 Fed. 902, where it was said:

"Gen. St. Kan. 1909, § 9787, provides that 'in all actions to contest a will, if it shall appear that such will was written or prepared by the sole or principal beneficiary in such will, who, at the time of writing or preparing the same, was the confidential agent or legal adviser of the testator, or who occupied at the time any other position of confidence or trust to such testator, such will shall not be held to be valid unless it shall be affirmatively shown that the testator had read or knew the contents of such will, and had independent advise with reference thereto.' Held, that one who, by the will of a testatrix, was made trustee of a large part of her estate, to invest and reinvest the same and pay over the income for certain stated purposes, but whose only pecuniary interest was under a provision that he should 'be paid reasonable compensation for his services,' was not the 'Principal beneficiary' in the will, within the meaning of the statute, and that such statute had no application to him." (Syl. ¶ 1.)

See, also, *Gilpin v. Burch,* 145 Kan. 224, 65 P. 2d 308, where in dealing with the force and effect of identical language to be found in G. S. 1935, 22-214, we said:

". . . but a trustee is not a beneficiary ordinarily or as contemplated by the statute. . . ."

A careful reading of the involved portion of the will reveals that Mr. Hampton was to receive no part of the testatrix's estate unless perhaps it might be in the form of pay for service rendered as one of the trustees. Indeed the contrary appears from the last clause of such instrument providing for the appointment of his successor in the event of his death or other disqualification. Therefore, the first claim of error cannot be sustained.

Appellant next points to the provisions of the paragraph pertaining to beneficiaries of the trust. She directs our attention to the phrase "this fund is to be used to aid deserving men students graduating from the Pratt Junior College . . . to complete their education at some University which is approved by my trustees." She argues that the word "deserving" creates such uncertainty and indefiniteness of beneficiaries as to render the trust void. That the provisions of paragraph 8 up to and including the phrase just quoted, standing alone, resulted in the creation of a public charitable trust cannot be questioned under our decisions. In *Treadwell v. Beebe*, 107 Kan. 31, 190 Pac. 768, we upheld a will as creating a valid charitable trust which devised property to a trustee "for the purpose of buying food and fuel for needy and deserving persons who have been actual residents of said city (Anthony) for at least six months" and provided that "In the case of any deserving person suffering from cancer in its early and probably curable stages, the commissioners of said city may allow as much as fifty dollars from such fund to aid such person in securing treatment for such cancer." Later in *Hollenbeck v. Lyon*, 142 Kan. 352, 47 P. 2d 63, we held a devise in trust to an executor to be "used for benefit of needy poor in and around Abilene, Dickinson county, Kansas," also created a valid charitable trust. For another decision dealing with the same subject, see *Daughters of American Revolution v. Washburn College*, 160 Kan. 583, 164 P. 2d 128, and authorities cited on page 589 of its opinion. Appellant's contention the use of the word "deserving" defeats the trust is not sound. It should be noted that in *Hollenbeck v. Lyon*, supra, although the class to be benefited was no more definitely fixed than here, we expressly held the trust was not void because of the indefiniteness of individual beneficiaries and we point out the identical term was regarded as sufficiently definite to uphold a somewhat similar devise in *Treadwell v. Beebe*, supra. That our conclusion is well supported by the authorities is evidenced by statements ap-

pearing in 10 Am. Jur. 607, § 31 and 14 C. J. S. 477, § 40, where it is said that gifts are not void for uncertainty as to beneficiaries where their selection is left to the discretion of the trustee appointed by the donor.

Appellant's next claim that provisions of paragraph 8 authorizing the trustees to choose the university which beneficiaries might attend when selected under its terms so narrow and restrict the possible application of the trust fund that it is incapable of application or enforcement is not supported by authorities and is so clearly erroneous as to merit no further comment.

Another contention is that the provisions of the paragraph dealing with administrative phases of the trust which excuse the trustees from giving bond and from accounting "to any person or corporation or to any Court," and confirm any distribution made by the trustees under and by virtue of the trust agreement, render the devise void for the reason it ousts all courts from jurisdiction over the estate and is therefore in violation of public policy.

If the provisions of which appellant complains resulted in ousting the courts from jurisdiction over and supervision of the trust estate her contention the trust was void in that it violates public policy might have some merit. However, that is not the case. The new Kansas Probate Code not only specifically confers jurisdiction upon the probate court to administer trusts (G. S. 1945 Supp. 59-301) but makes ample provision for their supervision, direction and control. In the recent case of *In re Estate of Lowe*, 155 Kan. 679, 127 P. 2d 512, the then Chief Justice, John S. Dawson, discussed all questions pertaining to jurisdiction of the probate court over trust estates here raised by appellant and determined them adversely to the position she now assumes with respect to them. At pages 687 and 688 of the opinion in that case it was said:

"Notwithstanding the will relieves and releases the named trustees from the duty of filing inventories and accounting to the probate court, our law is more solicitous about.the rights of the beneficiaries of a testamentary trust, especially where they are minors. Article 16 of the new probate code (G. S. 1941 Supp. 59-1601 *et seq.*) provides that the testamentary trustee shall account from time to time to the court where the will was admitted to probate, and prescribes specific details pertaining to the status of the trust property, and various other duties which the testamentary trustee must perform. It is true that section 59-1607 of the statute provides that the settlor of the trust may relieve his trustee from the performance of the duties prescribed by article 16, but there is an important proviso, which reads:

" 'That the court may, upon the application of any beneficiary or some

person in his behalf, require the performance of the duties herein otherwise required. No expression of intent by any testator or settlor shall affect the jurisdiction of the courts of this state over inventories and accounts of trustee insofar as such jurisdiction does not depend upon the provisions of this article.'

"Moreover, in article 11 of the new code, 59-1104, it is provided that although the testator shall express a wish that a trustee named in his will shall execute a trust created by the will, without giving bond, the probate court in the exercise of its prudent discretion may require such bond to be given at the time the trust res is delivered to the trustee or later on its own motion or on the application of any party interested. By section 59-1106 the probate court may require the fiduciary to file a new or additional bond, or may reduce it, and section 59-1107 provides for the removal of a fiduciary who fails or refuses to comply. Section 59-1711 is to the same effect."

In passing it should perhaps be added that even prior to the adoption of the new code a contention that a will containing provisions such as here involved ousted the courts of jurisdiction over trust estates would not have been upheld. See *Keeler v. Lauer,* 73 Kan. 388, 85 Pac. 541, where in dealing with a somewhat similar situation, we held:

"Notwithstanding the powers and discretion given to the trustee he is subject to the direction and control of a court of equity, which will have full power to prevent mismanagement of the estate and to correct any abuses of the trust." (Syl. ¶ 2.)

Having determined that no provision in the will heretofore mentioned or discussed resulted in invalidation of the trust attempted to be created by the testatrix and, having decided that langauge to be found in paragraph 8 thereof created a valid charitable trust under our decisions, we reach a point where we can give consideration to the claim of error relied on by appellant as her chief ground for reversal of the judgment admitting the will to probate in its entirety. Stripped of confusing phrases and unnecessary verbiage it is that the words, "The foregoing provisions shall be construed as expressing only my wishes and desires in the matter and not as a condition or limitation which might affect the validity of the bequest," as they appear in paragraph 8 heretofore quoted, completely nullify all of the previously expressed intent and purpose to be found therein with respect to the creation of a trust and, in fact and in law, leave no valid trust at all, notwithstanding one was created by the language immediately preceding such quoted phrase. Otherwise stated, appellant claims, that in using such phrase the testatrix intended that all mandatory directions to her trustees to be found in

the will, both before and after its inclusion, should mean nothing and made it possible for the entire estate, within the discretion of such persons, to be devoted to any purpose they chose, even to their own private use and advantage.

The disposition of this contention hinges upon rules of law so well established as to hardly require citation of authorities supporting them. However, it must be kept in mind that in construing a will, courts are required to (a) arrive at the intention of the testator from an examination of the whole instrument, if consistent with rules of law, giving every single provision thereof a practicable operative effect, (b) uphold it if possible, (c) construe it to avoid intestacy when possible, (d) give all importance to the intention of the testator and (e) determine the intention of the testator when clearly and unequivocally expressed, without resort to rules of judicial construction applicable to the interpretation of an instrument which is uncertain, indefinite and ambiguous in its terms. (*In re Estate of Koellen*, 162 Kan. 395, 176 P. 2d 544; *In re Estate of Rinker*, 158 Kan. 406, 147 P. 2d 740; *Tomb v. Bardo*, 153 Kan. 766, 114 P. 2d 320; *Zabel v. Stewart*, 153 Kan. 272, 109 P. 2d 177; *Selzer v. Selzer*, 146 Kan. 273, 69 P. 2d 708.) Likewise, remembered (a) that charitable trust are favorites of the law which must be upheld whenever possible, and (b) that once it has been determined a will contains language creating such a trust other language to be found therein which is susceptible of more than one construction must be liberally construed for the purpose of carrying out the intention of the donor. (*Lehnherr v. Feldman*, 110 Kan. 115, 117, 121, 202 Pac. 624; 10 Am. Jur. 593, 657, §§ 12 and 102; 14 C. J. S. 427, § 6.)

When tested by the foregoing legal principles we have little difficulty in ascertaining the intention of the testatrix from our examination of each and all of the provisions of the will in controversy. In portions thereof, not herein quoted, it appears the deceased left as her heirs at law two nieces and the four children of a deceased niece. She gave each of the two nieces $500 and no more, stating that because of other gifts made by her to them in her lifetime she regarded those amounts as adequate remembrances. She left modest sums to the children of her deceased niece. She then bequeathed liberal sums to the First Methodist Church and the Cemetery Board of the town in which she lived. Following these bequests, in paragraph 7, she provided that any persons who attempted to contest her will should receive the sum of one dollar only and that the bal-

ance of their legacies should revert and become a part of the rest and residue of her estate subject to distribution as thereafter provided. Summarizing the provisions of paragraph 8, before use of the phrase claimed to compel a legal conclusion it did away with the mandatory features of the trust and therefore nullified it, we note: (1) That she devised the residue of her estate, real, personal and mixed, absolutely to her trustees therein named for "the purpose hereinafter stated"; (2) that such property was to be held in trust for the creation of a fund to be known as "The Laura E. Porter Educational Fund"; (3) that the fund was to be used for the purpose stated by her trustees in the manner deemed by them to be most beneficial and wise. Finally, we observe that following the phrase, even while vesting her trustees with discretion in its management, she evidenced her definite intent and purpose to create a trust by providing: (1) The trustees were expected to handle her estate to the best interest and advantage *of the trust and beneficiaries selected;* (2) confirmation of any distribution of funds under its terms was based upon a distribution *made under and by virtue of the trust agreement,* and (3) that in the event of death of any trustee before the *trust should be completed* another trustee was to be appointed as his successor. We hold a will containing provisions such as we have just summarized clearly creates a charitable trust notwithstanding the phrase relied on by appellant as precluding that result. Such phrase in our opinion does not relate to the vesting of the trust or the primary obligation of the trustees to carry out its terms and pertains only to and seeks to avoid possibilities of legal and factual difficulties which might be encountered by them in its administration.

The conclusion just announced is based upon our examination and construction of language appearing in the will itself. It should be added that even if the language in question had resulted in uncertainty, indefiniteness and ambiguity, requiring the application of principles governing judicial construction of wills of that character our decision would necessarily be the same.

Our construction of the will leaves no room for application of legal principles pertaining to the use of precatory language in testamentary devises. For that reason, neither the interesting and instructive argument made by the diligent counsel for appellant, based upon the theory the instant will contains language precatory in nature, nor the numerous authorities cited in support thereof, have been mentioned or discussed.

The judgment is affirmed.