(603 P.2d 218)
No. 50,350

In The Matter of The Estate of Italo Giacomini, Deceased.

Opinion filed November 30, 1979.

*John Ivan,* of Shawnee Mission, for appellant Josephine Hauber.

*Robert D. Beall,* of Leavenworth, for appellee estate.

Before FOTH, C.J., ABBOTT and REES, JJ.

REES, J.: The will of Italo Giacomini, deceased, dated June 14, 1976, was admitted to probate by order entered in the Leavenworth County District Court on June 28, 1978. This appeal is brought by Josephine Hauber from that order as demonstrated by the certified copy of the order filed in this court with her notice of appeal pursuant to Rule 2.04, 224 Kan. xxxiv.

Although her written objections to admission of the will to probate set forth multiple assertions including, among others, denial of testamentary capacity, the sole contentions relied upon on appeal are three in number, each of which challenges the status of Robert E. Davis as a witness to the will.

Decedent left two sisters and a brother who would take by intestate succession: Julia Strout, Josephine Hauber and Hugo Giacomini. The will includes five specific monetary bequests in the amount of $1.00 each; one of these is to Julia and one is to Hugo. In addition there are specific bequests of $2,000 to Josephine and $5,000 to the Immaculata High School of Leavenworth. The will quarters the residue of decedent's estate and leaves it as follows: one-fourth to St. John Hospital, Tulsa, Oklahoma; one-fourth to St. John Hospital, Leavenworth; one-fourth to Immaculate Conception Church and St. Joseph of the Valley Church, both of Leavenworth, in equal shares; and one-fourth to Leavenworth County Handicapped Association and St. Mary's College, Xavier, in equal shares.

The nature and extent of decedent's estate is not disclosed by the record before us; it appears its approximate value may be in excess of $100,000. Although depositions were taken, the parties have included none in the record on appeal for our review.

Robert E. Davis, a Leavenworth attorney, was the legal adviser of the decedent and the scrivener of the will. He is named in the will to serve as executor without bond, and within his specifically enumerated powers is the power to employ his own law firm to whom compensation may be paid without court approval. He is one of the two subscribing witnesses to the will. Although not shown by the record, counsel for the estate does not dispute appellant's factual assertion that Davis was a member of the board of trustees of St. John Hospital, Leavenworth, and served on the fund-raising advisory council of St. Mary's College, both testamentary beneficiaries. It is not disputed that the decedent had no "independent advice" with reference to the will (see K.S.A. 59-605).

Appellant bottoms her argument before us on three specific statutes: K.S.A. 59-604, 59-605 and 59-606. The relevant language of these statutes is as follows:

"A beneficial devise or bequest made in a will to a subscribing witness thereto shall be void, unless there are two other competent subscribing witnesses who are not beneficiaries thereunder. But if such witness would have been entitled to any share of the testator's estate in the absence of a will, then so much of such share as will not exceed the value of the devise or bequest shall pass to the witness from the part of the estate included in the void devise or bequest." K.S.A. 59-604.

"If it shall appear that any will was written or prepared by the sole or principal beneficiary in such will, who, at the time of writing or preparing the same, was the confidential agent or legal adviser of the testator, or who occupied at the time any other position of confidence or trust to such testator, such will shall not be held to be valid unless it shall affirmatively appear that the testator had read or knew the contents of such will, and had independent advice with reference thereto." K.S.A. 59-605.

"Every will . . . shall be in writing, and signed at the end thereof by the party making the same, or by some other person in the presence and by express direction of the testator and shall be attested and subscribed in the presence of such party by two or more competent witnesses, who saw the testator subscribe or heard the testator acknowledge the same." K.S.A. 59-606.

To ascertain whether the will in this case is invalid by reason of K.S.A. 59-605, the question is whether Davis is the principal beneficiary in the will. This question is readily answered. Davis is not a beneficiary in the will. This being so, there is no need to concern ourselves with arguments concerning whether he is the

principal beneficiary. See *In re Estate of Barclay,* 215 Kan. 129, 134-135, 523 P.2d 376 (1974); *Stunkel v. Stahlhut,* 128 Kan. 383, 389, 277 Pac. 1023 (1929); *Kelty v. Burgess,* 84 Kan. 678, 681-682, 115 Pac. 583 (1911).

Why is Davis not a testamentary beneficiary? He has no pecuniary interest in the distribution of the estate unlike an heir, devisee, legatee, or creditor. The fact Davis was nominated as executor and had the right and duty to petition for probate of the will, and would be compensated when appointed, gave him no such pecuniary interest; his interest in the estate after appointment as executor, aside from his duty to faithfully serve as such fiduciary, was for reasonable compensation only in return for services rendered. *In re Estate of Harper,* 202 Kan. 150, 160-161, 446 P.2d 738 (1968). *Cf. In re Estate of Porter,* 164 Kan. 92, 95-96, 187 P.2d 520 (1947) [G.S. 1945 Supp. 59-605 not applicable to trustee]; *Gilpin v. Burch,* 145 Kan. 224, 232-233, 65 P.2d 308 (1937) [trustee not ordinarily considered beneficiary under G.S. 1935, 22-214]. That Davis was empowered to employ his law firm to represent him in his capacity as executor and compensate his firm without court approval gives rise to no pecuniary interest in the estate distribution. In the exercise of his fiduciary duty as executor, it would be incumbent upon him to compensate his firm only in reasonable amount for services rendered. We are satisfied his faithful exercise of his fiduciary duty is subject to judicial review and approval in the event of challenge regardless of the will language. See K.S.A. 59-1104; K.S.A. 59-1502.

To say that because Davis was a member of the board of trustees of St. John Hospital and served on the fund-raising advisory council of St. Mary's College (we are shown nothing more) requires the conclusion that Davis has a pecuniary interest in the estate distribution, is an argument necessitating speculation of the most extreme order. The truth of the matter is that appellant makes no suggestion of pecuniary interest; she suggests only that the benefit to Davis is the intangible benefit of good repute. See *In re Estate of Williams,* 158 Kan. 734, 737-741, 150 P.2d 336 (1944) [husband of testamentary beneficiary not disqualified as attesting witness to will]; *Kennett v. Kidd,* 87 Kan. 652, 656, 125 Pac. 36 (1912), *aff'd on rehearing* 89 Kan. 4, 130 Pac. 691 (1913) [membership in lodge does not render witness incompetent where lodge is testamentary beneficiary]; 53 A.L.R. 211; 79 Am. Jur. 2d, Wills § 297, n. 7.

The reasoning for our determination of appellant's contention that the will is rendered invalid upon application of K.S.A. 59-605 also disposes of the contention that K.S.A. 59-604 is a meritorious basis for appellant's challenge of the admission of the will to probate. Aside from other good and sufficient reasons negating application of K.S.A. 59-604 to render the will ineligible for probate, the bottom line is that since Davis is not a beneficiary in or under the will, K.S.A. 59-604 simply does not come into play.

The third and last argument made by Hauber is that the will was not attested and subscribed by at least two competent witnesses and it therefore does not comply with K.S.A. 59-606. Appellant's argument continues as before, that is, Davis was rendered incompetent by reason of his status as a testamentary beneficiary. We say again Davis is not a beneficiary in or under the will. It is not necessary that we undertake a dissertation on the meaning of "competent witnesses" as that term is used in the cited statute.

Affirmed.